## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN OVERSIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-3435-TNM |
| | : | |
| CONSUMER FINANCIAL PROTECTION | : | |
| BUREAU, *et al.*, | : | |
| | : | |
| Defendants, | : | |
| | : | |

## JOINT STATUS REPORT

Pursuant to the Court's December 8, 2020 Minute Order, counsel for the parties conferred and respectfully submit this Joint Status Report:

1.     **CMS.** As previously reported, CMS initially made two productions to Plaintiff: one on November 1, 2019, providing a total of 890 pages of responsive records for custodian Administrator Seema Verma, and one on May 28, 2020, providing 914 pages of responsive records for custodian Brady Brookes.

2.     Also as previously reported, Plaintiff submitted three sets of follow-up questions and/or requests regarding CMS's productions currently pending before the agency: (1) a March 30, 2020 email asking CMS to produce certain specified calendar entries of Administrator Verma in the format specified in Plaintiff's FOIA request (including all invitees, any notes, and all attachments); (2) a May 4, 2020 email asking CMS to finish producing calendars for Administrator Verma through the date of the search; and (3) a September 9, 2020 email asking that CMS lift or further explain certain redactions and produce certain specified calendar entries of Ms. Brookes in a format that includes all invitees, any notes, and all attachments.

3.      Regarding Plaintiff's Item Nos. 1 and 2, CMS reports that it has now received the records related to Administrator Verma back from the various equities, as well as in a memo format where the attendees could be seen and the attachments, if any, could be included and analyzed.  As a result, CMS sent a 3rd Interim release letter to Plaintiff on January 27, 2021 regarding these documents.

4.      Upon preliminary review of these records, on February 4, 2021, American Oversight raised questions regarding the completeness of CMS's productions with respect to Item 2. This included reiterating its May 4, 2020 request that CMS identify the date it began the search in response to American Oversight's request.[1] American Oversight is currently awaiting a response from CMS and continues to review CMS's 3rd Interim release.

5.      Regarding Plaintiff's Issue No. 3, CMS has also encountered technical issues that were related to the formatting of Ms. Brookes' calendar entries, and that these issues are being compounded by the fact that Ms. Brookes no longer works for HHS or CMS. CMS states that the Brady  Brookes calendars require a separate search to pull the memo view so that with the memo view, CMS will be able  to determine as applicable, if the attendees and attachments can also be seen, and if so, if the attachments are also included. CMS is following up and working with an electronic search contractor to determine whether these calendars can be converted in a readable and searchable format. CMS states that previously the records were produced in calendar view and calendar view cuts off the attendees and does not indicate whether there are any attachments. CMS adds that it continues to work with the electronic search contractor on these calendars  and that the data pull is ongoing for  the  memo mode and attachments. CMS will report back to

---

[1] American Oversight submitted its request to CMS on October 17, 2018, and sought all responsive records "through the date the search is conducted." Compl. ¶ 20.

Plaintiff as information becomes available regarding this issue.

6.      **HHS.** As previously reported, on May 29, 2020, HHS released 536 pages of responsive documents to Plaintiff in its first and final production. On July 29, 2020, Plaintiff requested that HHS lift a limited set of redactions from these calendars. On September 30, 2020, using its discretion, HHS released the two pages of records identified by Plaintiff with the Exemption 5 redactions removed.

7.      Plaintiff has evaluated HHS's document productions and has no further questions or concerns for HHS.

8.      **CFPB.** CFPB has made nine productions of responsive documents to Plaintiff and has completed its rolling productions.

9.      The parties are conferring about Plaintiff's follow-up inquiries regarding certain redactions and the potential production of certain entries in memo format, with attachments.

10.     **OMB.** OMB and Plaintiff conferred in December 2020 to to streamline the production process. The parties agreed to eliminate several custodians, and that, for the remaining custodians, Plaintiff would accept records in a daily format on the condition that Plaintiff could ask for specific entries of interest in memo format, with attachments, upon review.

11.      OMB recently produced additional documents on February 4, 2021, with another production scheduled for February 28, 2021.

12.     OMB is continuing to process Plaintiff's FOIA request and will be providing additional responsive records on a rolling basis.

13.     Plaintiff is reviewing OMB's recent productions.

14.     **State.** State and Plaintiff conferred in December 2020 to discuss the processing of

Plaintiff's request, and the parties agreed to a prioritization order for the remaining custodianas.

15.     State made a fourth production of responsive, non-exempt records totaling 156 pages on December 31, 2020, and a fifth production on January 29, 2021, totaling 39 pages. State anticipates making its next production on February 26, 2021.

16.     Plaintiiff is reviewing State's recent productions.

17.     **USDA.** The parties have previously stipulated to the dismissal of USDA from this action on December 7, 2020. (ECF No. 16).  On next day, the Court issued a Minute Order dismissing USDA from this action with prejudice.  *See* Dec. 8, 2020 Min. Order.

18.     **Next Joint Status Report:** Given the developments above, the parties propose that they submit another Joint Status Report on April 6, 2021, to apprise the Court on the status of this FOIA matter.

19.     **Status Hearing on February 12, 2021, at 10AM:** In that vein, the remaining Defendants do not believe that a Status Conference, currently scheduled for February 12, 2021, at 10AM, is necessary. Accordingly, Defendants propose that the Court vacate that hearing. Plaintiff does not take a position Defendant's proposal.

Dated: February 5, 2021

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: __//s//_*John C. Truong*____
JOHN C. TRUONG
D.C. BAR #465901
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2524
Fax: (202) 252-2599
E-mail: John.Truong@usdoj.gov
Counsel for Defendants

 _*/s/ Christine H. Monahan*___
Christine H. Monahan
D.C. Bar No. 1035590

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
christine.monahan@americanoversight.org

*Counsel for Plaintiff*